# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Dirk Alan Christianson, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION TO RECONSIDER** |
| ) | |
| vs. ) | |
| ) | Case No. 1:10-cv-058 |
| McLean County Sheriff's Department, ) | |
| ) | |
| Defendant. ) | |

On July 19, 2010, the plaintiff, Dirk Christianson, filed a motion for leave to proceed in forma pauperis and a pro se complaint. See Docket Nos. 1 and 2. On August 3, 2010, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended that the Court dismiss Christianson's complaint and deny his motion to proceed in forma pauperis. See Docket No. 3. On August 10, 2010, Christianson filed an objection to the Report and Recommendation. See Docket No. 4. On August 17, 2010, the Court adopted the Report and Recommendation in its entirety, and judgment was entered in accordance with the Court's order the following day. See Docket Nos. 9 and 10.

On August 24, 2010, Christianson filed a motion for reconsideration. See Docket No. 12. The motion states, in part:

> With all due respect your honor, the report and recommendation was processed before I have finish preparing and submitting all my factual and legal documentation.
>
> Being in the DOCR hinders my efforts to obtain all the paperwork needed and with the limited resources at my disposal.
>
> I appologise to the court for the inconvinience, but all the resources here are out of date.
>
> One of my main allegations, not addressed yet on my initial paperwork is, the denial of prompt medical treatment.
>
> . . . .

> I allege unecessary cruel and unjust punishment at the actions of these official on an individual capacity and necessarily under the color of offical duty.
>
> . . . .
>
> I have suffered a painful, permanent, injury do to negligence of others beyond my control.
>
> My bond of $5,000 cash only was unconstitutional as well by me not being allowed benefit of a bond reduction to either cash or surety.
>
> Had I been grated a bond reduction, I would have been able to seek the medical care that I needed.
>
> . . . .
>
> I am still waiting documents to submitt to the court, and will submitt them as I get them.

See Docket No. 12 (errors in original).

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" Broadway, 193 F.3d at 989; see Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ."). The Eighth Circuit Court of Appeals has instructed that when such a motion is directed at a final order, as is the case here, it should be construed as a Rule 59(e) motion. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).

Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.[1]  Fed. R. Civ. P. 59(e). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. "Rule 59(e) motions serve the limited

---

[1] Christianson's motion was timely filed on August 24, 2010, six days after judgment was entered.

function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)).

The Court has carefully reviewed the pending motion and finds that there is no justification for granting a Rule 59(e) motion to alter or amend the judgment. Christianson has failed to present any reason why he is entitled to relief under Rule 59(e). Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters. Under such circumstances, relief under Rule 59(e) is unwarranted.[2] Christianson's motion to reconsider (Docket No. 12) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2010.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[2] Even if the Court were to consider Christianson's motion under Rule 60(b) of the Federal Rules of Civil Procedure, he is not entitled to relief. Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986). The Rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway, 193 F.3d at 990. Christianson has failed to make the requisite showing under Rule 60(b) to warrant relief.